UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES RITCHIE,**

    **Plaintiff,**

**v.**                                                        Case No. 8:08-CV-1725-T-17EAJ

**CAVALRY PORTFOLIO
SERVICES, LLC,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the court are Defendant's **Motion for Sanctions Pursuant to Rule 11** (Dkt. 33) and Plaintiff's **Response** (Dkt. 36).[1] Upon consideration, I recommend that Defendant's motion be denied.

1.     Background

On September 2, 2008, Plaintiff filed his one-count complaint alleging that Defendant, a debt collection service, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., when a representative called him after 9:00 p.m. in an attempt to collect a debt (Dkt. 1). Attached to Plaintiff's complaint is a computer-generated list of all calls Plaintiff received from May 6, 2008, through June 3, 2008, and the times the calls were placed. Plaintiff was represented by counsel when he filed the complaint.

Plaintiff verified his complaint. The verification stated that Plaintiff "believe[d] that all of the facts contained in [the complaint] [were] true" and that he had not "altered, changed, modified,

---

[1] The district judge referred this matter to the undersigned for a report and recommendation (Dkt. 37). See 28 U.S.C. § 636(b); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

or fabricated" the exhibit (Dkt. 1 at 5). Plaintiff also attached a declaration to his response to the instant motion for sanctions in which he attests that he obtained the exhibit to his complaint from the website for Comcast, his cellular provider, and that he did not alter the call records.

During discovery, Defendant obtained its own set of phone records from Comcast which allegedly indicate that the calls Defendant placed to Plaintiff were made before 9:00 p.m. Thus, according to Defendant, Plaintiff's exhibit is fraudulent. Defendant states that it informed Plaintiff of the discrepancy between the two sets of phone records, yet Plaintiff refused to dismiss his case.

2.  Discussion

Defendant moves for sanctions pursuant to Rule 11, Fed. R. Civ. P., on the grounds that Plaintiff is knowingly pursuing a case that has no reasonable factual basis and is "perpetuating a fraud on this Court" (Dkt. 33 at 6).[2] Defendant requests that the court dismiss the case and assess an unspecified amount in attorneys' fees and costs against Plaintiff and Plaintiff's counsel.

Rule 11, Fed. R. Civ. P., requires a plaintiff to certify that "to the best of [his] knowledge, information, and belief" his "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). The standard for testing conduct under Rule 11 is reasonableness under the circumstances. Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003). "[T]hree types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when

---

[2] Defendant has also filed a motion to dismiss based on Plaintiff's alleged fraud that is pending (Dkt. 32). Plaintiff's response to the instant motion purports to respond to Defendant's motion to dismiss as well. The court considers only that part of Plaintiff's response which relates to the issue of Rule 11 sanctions.

the party files a pleading in bad faith for an improper purpose." Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (citation omitted).

"Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002) (citation and internal quotation marks omitted). Rule 11 obligations are not measured solely at the time of filing because a party or counsel has a continuing obligation to advise the court of any changes regarding the veracity of information filed before the court. Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam).

The evidence Defendant offers in support of its motion – documents obtained from Comcast that show it made calls to Plaintiff before 9:00 p.m. and Defendant's own records of the times it called Plaintiff – does not establish that Plaintiff misrepresented the facts in his complaint or fabricated the exhibit attached to his complaint.[3] Defendant also attempts to bolster its argument by referencing a case Plaintiff has filed in another jurisdiction against another debt collector. According to Defendant, Plaintiff fabricated phone records in that case as well. However, this allegation is unsubstantiated, and Defendant does not argue or show that Plaintiff was sanctioned in that case.

The phone records Plaintiff attached to his complaint have Plaintiff's handwriting in the margins indicating which calls were made by Defendant. Plaintiff attests to downloading his exhibit from the Comcast website after logging into his account. He states that the exhibit was available only in pdf format, that he has no way of altering a pdf document, and that he printed the exhibit

---

[3] Although it appears from the parties' filings that Plaintiff was deposed on August 21, 2009, Defendant has not supplemented its motion with any sworn testimony by Plaintiff.

3

from the website and attached it to his complaint. Although at trial Defendant may attempt to establish that Plaintiff fabricated his exhibit, the present record does not support Defendant's claim of a Rule 11 violation. See Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (court must use objective standard to determine whether the accused party acted unreasonably or with bad faith).

3.  Conclusion

The evidence is insufficient to find that Plaintiff has violated Rule 11, Fed. R. Civ. P. I **RECOMMEND** that Defendant's **Motion for Sanctions Pursuant to Rule 11** (Dkt. 33) be **DENIED**.

**Dated: November 6th, 2009**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. 636(b)(1).