UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES RITCHIE,

    Plaintiff,

v.                                            CASE NO.: 8:08-cv-1725-T-17EAJ

CAVALRY PORTFOLIO SERVICES, LLC,

    Defendant.
_____/

## CONTESTED JURY INSTRUCTIONS

    Comes now, Defendant, Cavalry Portfolio Services, LLC, by and through the undersigned counsel, pursuant to Court Directive and files this, the parties' Contested Jury Instructions for consideration and use at trial in this above-referenced action.

    Respectfully submitted,

**GOLDEN & SCAZ, PLLC**
2124 W. Kennedy Blvd., Suite A
Tampa, Florida 33606
Telephone: (813) 251-5500
Facsimile: (813) 251-3675
E-mail: dale.golden@goldenscaz.com
By: ____/s/ Dale T. Golden_____
Dale T. Golden, Esquire
Florida Bar No.: 0094080

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all parties of record, this 25th day of February, 2010.

_____/s/ Dale T. Golden_____
DALE T. GOLDEN, ESQUIRE
Florida Bar No. 0094080

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [4]
(Private Enforcement)

  The FDCPA establishes a system of sell enforcement primarily by private attorneys general. That means the government isn't required to prosecute every violation or alleged violation in order to enforce compliance with the FDCPA. Instead, a private attorney, like Plaintiffs attorney here, is authorized by the FDCPA to enforce compliance with the FDCPA, and may seek, as part of that process, to impose a statutory penalty against a debt collector who has violated the FDCPA. In the same action, like this lawsuit, a private attorney may also seek monetary damages for his or her client. In this action, Plaintiff has sought both statutory penalties and monetary damages.

*15 U.S.C. §1692k; Russey v. Rankin,* 837 F. Supp. 1103, 1105 (D.N.M. 1993); *Whatley v. Universal Collection Bureau, Inc.,* 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).

**Defendant objects to this instruction as it is not necessary.  Since the case is at trial, it is obvious that a private cause of action exists.**

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [5]
(Strict Liability)

      The FDCPA is a strict liability statute. "Strict liability" is a legal term which means, in this context, that the Plaintiff does not have to prove the Defendant acted with il1tentionally, with malice, or with the purpose of harming the Plaintiff. Strict liability also means that the Plaintiff does not have to prove the Defendant violated the law through negligence or carelessness. The Plaintiff is required to show only that the Defendant's conduct resulted in what the law does not permit. Even if you find the Defendant was reasonably prudent in its conduct, it is liable to Plaintiff if it violated any provision of the FDCPA, even if the violation is a purely technical one.

      Because the FDCPA is a strict liability statute, proof of a single violation is sufficient to support a finding in favor of the Plaintiff and against the Defendant, and is sufficient for rendering the Defendant liable to the Plaintiff for statutory penalties and/or monetary damages.

*Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F. 3d 60, 63 (2d. Cir. 1993); *Baker v. G.C. Services Corp.*, 677 F. 2d 775, 780 (9th Cir. 1982); *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 725 (D. Conn.1990); *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990).

**Defendant objects to this instruction as it is not necessary and may confuse the jury.**

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [7]
(Plaintiff's Contentions)

The Plaintiff alleges that the Defendant violated the FDCPA in the following ways:

Second, that the Defendant violated § 1692d(5) the FDCPA, which prohibits certain conduct that is oppressive, harassing, or abusive, and which prohibits the placement of telephone calls without meaningful disclosure of the caller's identity;

Fourth, that the Defendant violated § 1692g(a) of the FDCPA, which imposes certain requirements on a debt collector with respect to its communications with a consumer.

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER 7
(Plaintiff's Contentions)

The Plaintiff alleges that the Defendant violated the FDCPA in the following ways:

Second, that the Defendant violated § 1692d(5) by causing Plaintiff's phone to ring excessively with the intent to annoy or harass Plaintiff;

Fourth, that the Defendant violated § 1692g(a) of the FDCPA by failing to send written notice to Plaintiff informing him of his rights under 1692g(a) pertaining to the alleged debt within five (5) days of initial communication with the Plaintiff.

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [9]
(Harassment or Abuse)

Section 1692d of the FDCPA states:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(5)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Enumerated conduct prohibited by section 1692d is not an exhaustive listing of conduct which violates section 1692d of the FDCPA. In other words, even if Defendant's conduct does not fall within one of the enumerated types of behavior specifically prohibited by section §1692d, you may still find that Defendant's conduct violates section 1692d of the FDCPA. Simply, the FDCPA includes a "catch-all" provision which prohibits conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.

*15 USC § 1692d;* S. Rep. No. 95-382, 95th Cong., 1st Sess. 4*, reprinted in* 1977 U.S. Code Cong. & Admin.News 1695, 1698; *Kizer v. American Credit & Collection,* 1990 WL 317475 (D. Conn. 1990); *Beattie v. D.M Collections, Inc.*, 754 F. Supp. 383 (D. Del. 1991).

**Defendant objects to this instruction and suggests the following as its proposed instruction.**

<p style="color:red; text-align:center">**DEFENDANT'S PROPOSED JURY INSTRUCTION**
**NUMBER [9]**
(Harassment or Abuse)</p>

<span style="color:red">Section 1692c of the FDCPA (Communication in connection with debt collection) states in part:

**(a)** Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--

**(1)** at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."</span>

15 U.S.C. § 1692a(2); 15 U.S.C. §1692c

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [10]
(Violations Resulting From Harassment And Abuse Are Measured From The Perspective Of A Consumer Whose Circumstances Makes Him Relatively More Susceptible To Harassment, Oppression, Or Abuse)

Whether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication; rather, such susceptibility might be affected by other circumstances of the consumer or by the relationship between the consumer and the debt collection agency.  For example, a very intelligent and sophisticated consumer might well be susceptible to harassment, oppression, or abuse because he is poor (*i.e.,* has limited access to the legal system), is on probation, or is otherwise at the mercy of a power relationship.  Claims under section 1692d of the FDCPA should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse.

*Jeter v. Credit Bureau, Inc*.  760 F. 2d 1168, 1179 (11th Cir. 1985).

**Defendant objects to this instruction as the "least sophisticated consumer" standard applies only to FDCPA claims involving 1692e(5). *Jeter v. Credit Bureau, Inc.*,** 760 F.2d 1168, 1172-1175 (11th Cir. 1985);

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [18]
(Actual Damages)

The FDCPA specifically permits damages to be awarded against a debt collector who violates the FDCPA.  Actual damages may be awarded to the Plaintiff as a result of the failure of Defendant to comply with the FDCPA.  Actual damages not only include any out-of-pocket expenses but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress.  You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

*Gonzalez v. Kay,* 577 F.3d 600 (5th Cir. 2009); *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1990); *In re Maxwell*, 281 B.R. 101 (Bankr. D. Ma. 2002); *In re Littles*, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987).

**Defendant objects to this instruction as it contains unnecessary and confusing language.**