UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES RITCHIE,

      Plaintiff,

v.                                      CASE NO.: 8:08-cv-1725-T-17EAJ

CAVALRY PORTFOLIO SERVICES, LLC,

      Defendant.
_____/

## UNCONTESTED JURY INSTRUCTIONS

      Comes now, Defendant, Cavalry Portfolio Services, LLC, by and through the

undersigned counsel, pursuant to Court Directive and files this, the parties' Uncontested Jury

Instructions for consideration and use at trial in this above-referenced action.

                  Respectfully submitted,

                  **GOLDEN & SCAZ, PLLC**
                  2124 W. Kennedy Blvd., Suite A
                  Tampa, Florida  33606
                  Telephone:  (813) 251-5500
                  Facsimile:  (813) 251-3675
                  E-mail: dale.golden@goldenscaz.com
                  By: _____/s/ Dale T. Golden_____
                  Dale T. Golden, Esquire
                  Florida Bar No.: 0094080

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically
filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic
filing to all parties of record, this 25th day of February, 2010.

                  _____/s/ Dale T. Golden_____
                  DALE T. GOLDEN, ESQUIRE
                  Florida Bar No. 0094080

PROPOSED JURY INSTRUCTION
NUMBER [1]
(Preliminary Instruction)

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.  I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.  The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**.  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**.  On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Notetaking.**  If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.  If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places - - things that might be difficult to remember.  Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.  If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper

articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief."  When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Eleventh Circuit Pattern Jury Instructions – Civil (2005), §Preliminary Instructions Before Trial

PROPOSED JURY INSTRUCTION
NUMBER [2]
(Consideration Of The Evidence Duty To Follow Instructions)

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Eleventh Circuit Pattern Jury Instructions – Civil (2005), §2.2

PROPOSED JURY INSTRUCTION
NUMBER [3]
(Credibility Of Witnesses)

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instructions – Civil (2005), §3

PROPOSED JURY INSTRUCTION
NUMBER [4]
(Impeachment Of Witnesses, Inconsistent Statement)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit Pattern Jury Instructions – Civil (2005), §4.1

PROPOSED JURY INSTRUCTION
NUMBER [6]
(Burden of Proof)

In this case each party asserting a claim or defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Eleventh Circuit Pattern Jury Instructions – Civil (2005), §6.2

PROPOSED JURY INSTRUCTION
NUMBER [7]

Plaintiff brings this action against Defendant based on 15 U.S.C. § 1692, et seq., commonly known as the Fair Debt Collection Practices Act, which for convenience, I may refer to as the "FDCPA."

The FDCPA originally enacted by Congress became effective on March 20, 1978; it was amended and broadened in 1986, and amended again in 1996.  In passing the FDCPA, Congress stated its purpose was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices."  Congress explicitly found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  To this end, the FDCPA expressly prohibits debt collectors from engaging in certain specific acts and practices in their attempts to collect consumer debs, and also requires the debt collectors to affirmatively perform specific acts during the course of trying to collect consumer debts.

A "debt collector" is any person who uses any instrumentality of interstate commerce, the mails in any business, the principle purpose of which business is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, a debt owed or due, to another or asserted to be owed or due to another.

Defendant is a "debt collector" within the meaning of the FDCPA.

A "debt" is any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment.

A "consumer" is any natural person obligated or allegedly obligated to pay any debt.

*15 U.S.C. § 1692a.*

PROPOSED PARTIAL JURY INSTRUCTION
NUMBER [7]
(Plaintiff's Contentions)

The Plaintiff alleges that the Defendant violated the FDCPA in the following ways:

First, that the Defendant violated § 1692c (a)(1) by continuously placing collection calls to Plaintiff after 9pm.;

Fourth, that the Defendant violated § 1692g(a) of the FDCPA by failing to send written notice to Plaintiff informing him of his rights under 1692g(a) pertaining to the alleged debt within five (5) days of initial communication with the Plaintiff.

PROPOSED JURY INSTRUCTION
NUMBER [8]
(Communication in Connection with Debt Collection)

Section 1692c of the FDCPA (Communication in connection with debt collection) states in part:

**(a)** Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--

**(1)** at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

15 U.S.C. § 1692a(2).

*15 U.S.C. §1692c.*

PROPOSED JURY INSTRUCTION
NUMBER [11]
(False or Misleading Representations)

Section 1692e of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any informatiol1 obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.;

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

15 U.S.C. § 1692a(2).

*15 USC §1692e; Ross* v. *RJM Acquisitions Funding LLC,* 480 F. 3d 493 (7th Cir. 2007); *Transamerica Financial Services, Inc.* v. *Sykes,* 171 F. 3d 553 (7th Cir. 1999).

PROPOSED JURY INSTRUCTION
NUMBER [13]
(Validation of Debts)

Section 1692g of the FDCPA (Validation of debts) provides:

> **(a)** Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

15 U.S.C. § 1692a(2).

15 USC §1692g; *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982).

PROPOSED JURY INSTRUCTION
NUMBER [14]
(Corporation Acts by and through its Employees)


A corporation acts by and through the conduct of its officers and employees who are acting within the scope of their duties and in the regular course of their employment.  As is relevant to the issues in this case, there is no dispute that all of Defendant's employees were acting within the scope of their duties and in regular course of their employment with respect to matters involving Plaintiff.  Therefore, any act or omission of any of Defendant's employees with respect to the issues of this case constitute the acts or omissions of Defendant.


*GTE Southwest, Inc. v. Bruce*, 998 S.W. 2d 605 (Tex. 1999); *Hammerly Oaks, Inc. v. Edwards*, 958 S.W. 2d 387 (Tex. 1997); *Hirsch v. Texas Lawyers' Ins. Exchange*, 808 S.W. 2d 561 (Tex. App. El Paso 1991); *Whitney Nat. Bank v. Baker*, 122 S.W.3d 204 (Tex. App. Houston 1st Dist. 2003).

PROPOSED JURY INSTRUCTION
NUMBER [22]
(Duty To Deliberate)

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Jury Instructions – Civil (2005), §7.1

PROPOSED JURY INSTRUCTION
NUMBER [23]
(Election Of Foreperson, Explanation Of Verdict Form(s))

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached     unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Pattern Jury Instructions – Civil (2005), §8

PROPOSED JURY INSTRUCTION
NUMBER [17]
(Statutory Damages)

The FDCPA provides that any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person, in addition to actual damages, in an amount not to exceed $1,000.00.

Unlike an award for actual damage suffered, which directly relates to the harm suffered by Plaintiff, an award of statutory damages is to be based upon Defendant's conduct. Congress deemed statutory damages proper under the FDCPA because actual damages are often non-existent or difficult to determine. In other words, statutory damages under the FDCPA are pre-established damages determined appropriate by Congress for any single violation of the FDCPA.

15 U.S.C. § 1692a,k(b)(1); *Gonzalez v. Kay*, 577 F. 3d 600 (5th Cir. 2009); *Kobs v. Arrow Service Bureau, Inc.,* 134 F.3d 893 (7th Cir. 1998); *Robertson v. Horton Bros. Recovery, Inc.*, 2007 WL 2009703 (D. Del. 2007); *Boyce v. Attorney's Dispatch Serv.*, 1999 U.S. Dist. LEXIS 1124 (S.D. Ohio Feb. 2, 1999); *Carn v. Med. Data Sys.*, 2007 Bankr. LEXIS 1334 (Bankr. M.D. Ala. Apr. 5, 2007); *In re Cambron*, 2007 WL 1076685 (Bankr. M.D. Ala. Apr. 5, 2007); *In re Littles*, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987).