UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES RITCHIE,

    Plaintiff,

v.                                                                      CASE NO. 8:08-cv-1725-T-17MAP

CAVALRY PORTFOLIO SERVICES, LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff James Ritchie ("Ritchie") filed this action against Defendant Cavalry Portfolio Services, LLC ("Cavalry") alleging Cavalry violated sections 28 U.S.C. §§ 1692c(a)(1), 1692d(5), 1692e(11), and 1692g(a) of the Fair Debt Collection Practices Act ("FDCPA"). At trial, United States District Judge Elizabeth A. Kovachevich granted Cavalry's oral motion for a directed verdict, finding Ritchie failed to meet his burden of establishing by a preponderance of the evidence that the debt in this case was a "consumer debt." *See* doc. 99. Since then, Cavalry has moved for fees and costs against Ritchie pursuant to 15 U.S.C. § 1692k of the FDCPA and for fees against Ritchie's counsel, the firm of Krohn & Moss, Ltd., pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11 (doc. 114). Judge Kovachevich has referred the matter for a report and recommendation.[1] For the reasons that follow, I recommend the motion be denied.

---

[1] Initially, the matter was referred to United States Magistrate Judge Elizabeth Jenkins. After conducting a pretrial conference and mediation in which she met with the each party in separate caucuses and discussed issues identified in the motion for attorney's fees, Judge Jenkins recused herself pursuant to 28 U.S.C. § 455(a) (doc. 123). Accordingly, the Clerk of Court reassigned the case to me by random draw.

*A. Factual background*

Ritchie filed his verified one-count complaint alleging Cavalry placed calls to him after 9 p.m., placed calls that caused Ritchie's phone to ring excessively as to annoy or harass him, continuously failed to identify itself as a debt collector or inform Ritchie the information sought would be used for such purpose, and failed to provide written notice to Ritchie informing him of his rights pertaining to the alleged debt within five days of the initial contact, in violation of 15 U.S.C. §§ 1692c(a)(1), 1692d(5), 1692e(11), and 1692g(a) (doc. 1). With his verified complaint, Ritchie filed his purported telephone records, which allegedly illustrated the dates and times Cavalry called Ritchie's telephone (doc. 1, Exh. A). During the course of discovery, however, Cavalry obtained a copy of Ritchie's telephone records directly from Comcast, Ritchie's telephone service provider. The Comcast records conflicted with the telephone records Ritchie attached to his verified complaint. *See* doc. 32, Exhs. 1, 2.

Based on these conflicting records, Cavalry moved to dismiss Ritchie's complaint for fraud and perjury and also moved for sanctions pursuant to Fed. R. Civ. P. 11 against Ritchie and his counsel (docs. 32, 33). Subsequently, United States Magistrate Judge Elizabeth Jenkins issued a Report and Recommendation recommending the motion for sanctions be denied (doc. 38). Specifically, Judge Jenkins noted Cavalry could attempt to establish that Ritchie fabricated his phone records at trial, but the record before the Court at that time did not support Cavalry's claim for Rule 11 sanctions.[2] Thereafter, Judge Kovachevich adopted the Report and Recommendation, denied the

---

[2] At the time Judge Jenkins issued her Report and Recommendation, the record indicated Ritchie had attested to downloading his phone records from the Comcast website, the document was only available in pdf format, he had no way to alter the pdf document, and he had printed the pdf document from the website and attached it to his complaint (*id.*).

motion for sanctions and denied the motion to dismiss, which was premised on the same basis as the motion for sanctions (docs. 39, 40).

The issue of authenticity of the phone records remained as trial approached. Cavalry sought a stipulation from Krohn & Moss that the phone records obtained from Comcast were authentic but Krohn & Moss refused. As a result, Cavalry took the deposition of Comcast's records custodian on February 17, 2010, wherein the records custodian authenticated the phone records Cavalry previously attached to its motion to dismiss and motion for sanctions. According to Cavalry, during the deposition, the records custodian informed Krohn & Moss of a Comcast employee who could respond to inquiries regarding any discrepancies between the Comcast records offered by Cavalry and the records Ritchie produced. Following that, Krohn & Moss never attempted to depose the employee identified by Comcast's records custodian.

Before proceeding to trial, Cavalry filed a motion *in limine* seeking to preclude Ritchie from offering at trial his copy of the phone records purportedly printed from the Comcast website, amongst other things (doc. 53).[3] Prior to commencing trial, Judge Kovachevich held a status conference at which she addressed Cavalry's motion *in limine*. *See* doc. 111, Transcript of status conference. In support of the motion, Cavalry argued that Ritchie could not authenticate the Internet website telephone records and had made no effort to depose the records custodian for Comcast regarding the telephone records. *Id.* at pp. 8-9, 11-12. In response, Ritchie's counsel argued that he believed Ritchie could lay "a proper foundation both as a customer who's been accustomed to

---

[3] In conjunction with the motion *in limine*, Cavalry filed the transcript of Ritchie's August 21, 2009, deposition in which Ritchie states he did not even become aware Cavalry had attempted to contact him until Krohn & Moss informed him of such (doc. 68, Ritchie's Deposition, pp. 45-47).

printing these types of records over the years as well as a former Comcast employee for a year and a half" and could testify about the records to "refresh his recollection." *Id.* at pp. 9-10.

After hearing the parties' arguments, Judge Kovachevich explained that the authentication of the Internet website telephone records was a problem for Ritchie and had been a problem for him throughout the course of the litigation. *Id.* at pp. 13-14. She therefore inquired of Ritchie's counsel whether he planned to take any depositions regarding the phone records, to which Ritchie's counsel responded that he did not. *Id.* at pp. 34-35. To clarify, she again asked Ritchie's counsel if he elected not to depose a records custodian even though she had provided him an opportunity to do so. *Id.* Ritchie's counsel stated that was correct given the time restraints of the impending trial. *Id.* At the close of the status conference, Judge Kovachevich provided Ritchie's counsel an opportunity to take a deposition of a records custodian and deferred ruling on the motion *in limine* as to the phone records. *Id.* at pp. 35-36; *see also* doc. 91.

By her Order, Judge Kovachevich also granted Cavalry's motion *in limine* regarding Ritchie's § 1692e(11) claim[4] (doc. 91). Since no evidence of record indicated that Cavalry ever

---

[4] Ritchie alleged Cavalry, though its agents and employees, continuously failed to identify itself as a debt collector and inform Ritchie that the information sought would be used for that purpose in violation of section 1692e(11), which states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

spoke with Ritchie regarding the alleged debt or left any voicemail messages, Cavalry requested Ritchie be precluded from offering any evidence or testimony that Cavalry failed to identify itself as a debt collector and inform Ritchie that information sought would be for that purpose. Indeed, during Ritchie's deposition on August 21, 2009, he testified that he never spoke with anyone from Cavalry, his wife never spoke with anyone from Cavalry, no one he knew spoke to Cavalry about him, and he never received any letters from Cavalry (doc. 68, Ritchie Deposition, p. 25, ll. 5-14). Further, Ritchie testified he did not recall receiving any voicemail messages from Cavalry and only became aware that Cavalry contacted him through conversations with his own counsel (*id.*, pp. 29-30). In fact, Ritchie testified he had no knowledge Cavalry was calling him until he was told so by counsel and could not say with any certainty whether he was ever present in his home when Cavalry called (*id.*, pp. 46-47, 52). Noting the lack of evidence, Judge Kovachevich found Cavalry's arguments on the § 1692e(11) claim well-taken and subsequently granted the motion precluding evidence or testimony on the issue.

The parties proceeded to trial in March, 2010, wherein Judge Kovachevich granted Cavalry's renewed motion for directed verdict. *See* doc. 97, Minutes from Day Two of Jury Trial, and doc. 108, Transcript of Excerpt of Jury Trial. Namely, she found that Ritchie had failed to establish the elements of his claim by a preponderance of the evidence. *See* doc. 109, Transcript of Jury Trial held on 3/4/10, pp. 8-9. Judge Kovachevich based this determination on the sole "bedrock issue" of whether Ritchie had established that the debt in the case constituted a consumer debt under the FDCPA. *Id.*; *see also* doc. 108, Transcript of Excerpt of Jury Trial, pp. 2-4. Finding Ritchie had not established as much, she granted directed verdict in favor of Cavalry. *Id.* After obtaining a directed verdict in its favor, Cavalry filed the instant motion seeking attorney's fees pursuant to 28

U.S.C. § 1927, Fed. R. Civ. P. 11, and 15 U.S.C. § 1692k (doc. 114).

  *B. Discussion*

    *1. 28 U.S.C. § 1927*

  Cavalry moves for an award of sanctions against Krohn & Moss pursuant to 28 U.S.C. § 1927. Under § 1927, "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." The statute does not operate as a catch-all provision for sanctioning objectionable conduct of counsel. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Instead, a court may impose sanctions pursuant to § 1927 where it finds (1) an attorney has engaged in unreasonable and vexatious conduct, (2) the unreasonable and vexatious conduct multiplied the proceedings, and (3) the dollar amount of the sanction bears a financial nexus to the excess proceedings such that the sanction does not exceed the costs, expenses and attorney's fees reasonably incurred because of the sanctionable conduct. *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) *quoting Peterson*, *supra*. An attorney's conduct multiplies proceedings when it results in proceedings which would not have been conducted otherwise. *Peterson*, 124 F.3d at 1396. To "unreasonably and vexatiously" multiply proceedings within the meaning of the statute, an attorney's conduct must be "so egregious it is tantamount to bad faith," meaning more than negligence or lack of merit. *See Amlong & Amlong P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239-42 (11th Cir. 2007); *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) ("For sanctions under section 1927 to be appropriate, something more than a lack of merit is required) (citation omitted). Mere negligent conduct alone does not support a finding of bad faith under § 1927. *Id.* at 1241-42; *Schwartz*, 341 F.3d at 1225. In the

context of § 1927, bad faith turns on the attorney's objective conduct rather than any subjective intent or specific purpose. *Id.* at 1239-41. Indeed, an attorney litigates in bad faith under § 1927 when the attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. *Schwartz*, 341 F.3d at 1225; *Smith v. Grand Bank & Trust of Florida*, 193 Fed. App'x 833, 836 (11th Cir. 2006). Even if counsel acts in bad faith, sanctions under § 1927 are not warranted unless the conduct also multiplied the litigation. Some causal connection must exist between the conduct and the continuation of proceedings that otherwise would not have occurred. *See Peterson*, 124 F.3d at 1396.

In this instance, Cavalry argues Krohn & Moss's continued pursuit of a frivolous claim throughout the litigation constituted unreasonable and vexatious conduct warranting an award of attorney's fees under 28 U.S.C. § 1927. According to Cavalry, Krohn & Moss was on notice that Ritchie's claims lacked merit from the inception of the case or, at the very least, by the time of Plaintiff's deposition on August 21, 2009. Cavalry fails to acknowledge, however, that Ritchie had at least one viable claim, the § 1692d(5) claim regarding Cavalry causing Ritchie's phone to ring excessively, from the inception of the case through to trial. Indeed, at the status conference held on March 1, 2010, before Judge Kovachevich, Cavalry's counsel explicitly conceded as much (doc. 111, Transcript of Status Conference, p. 22, ll. 12-14).[5] Further, Judge Kovachevich denied the portion of Cavalry's motion *in limine* seeking to preclude any evidence that Cavalry caused Ritchie's phone to ring and, instead, informed the parties she would allow Ritchie an opportunity to present the evidence at trial. *See id.*, p. 28 and doc. 91.

---

[5] Cavalry's counsel stated the following: "They have a claim under 1692d(5). I don't think they can prove it in this case, but they do have that claim" (*id.*).

7

At best, then, Cavalry has pointed out the negligent conduct of Krohn & Moss during the course of this litigation, including but not limited to the failure to authenticate the telephone records or obtain an explanation as to any inconsistencies, and has shown that the claims Krohn & Moss pursued ultimately lacked merit. As the Eleventh Circuit has repeatedly emphasized, however, negligence and lack of merit do not warrant sanctions under 28 U.S.C. § 1927. *See, e.g., Schwartz, supra,* and *Amlong, supra.* Indeed, the record fails to support Cavalry's claim that Krohn & Moss's conduct in this case is "so egregious it is tantamount to bad faith."[6] *Amlong,* 500 F.3d at 1239-42. Accordingly, as Cavalry has failed to demonstrate Krohn & Moss "unreasonably and vexatiously" multiplied the proceedings in violation of 28 U.S.C. § 1927, Cavalry's motion for attorney's fees should therefore be denied.[7]

---

[6] Cavalry fails to explain its own contribution to the delayed resolution of this action. Notably, the motion to dismiss constituted the only dispositive motion filed by Cavalry. Despite Cavalry's repeated arguments that it was clear that Ritchie could not prove his claims from the inception of the lawsuit, or at least by the date of Ritchie's deposition, Cavalry never moved for summary judgment on the merits of any of Ritchie's claims. Instead, Cavalry decided to put all of its proverbial eggs in one basket hoping the Court would grant its motion to dismiss the case with prejudice based on its contention that Ritchie committed fraud and perjured himself by submitting either fake or altered phone records with his verified complaint. After review, the Court denied Cavalry's request and the case proceeded to trial on the merits of Ritchie's claims. At trial, Cavalry raised an additional argument not addressed throughout the course of the litigation – whether the debt at issue constituted a debt under the FDCPA. This issue proved dispositive and, in fact, constituted the *only* issue upon which the Court granted directed verdict in favor of Cavalry. *See* docs. 108, 109, Excerpts from the Jury Trial.

[7] Cavalry also moves for an award of attorney's fees under the Court's inherent powers. *See* doc. 114. Notably, "a district court's authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers." *Amlong*, 500 F.3d at 1239. Further, to unlock a court's inherent powers, the key is a finding of bad faith, with the threshold of bad faith conduct under the court's inherent powers at least as high as the threshold for sanctions under § 1927. *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010). Accordingly, because I recommend denying sanctions under § 1927, I further recommend the Court decline to exercise its inherent powers to award sanctions.

*2. Rule 11*

Additionally, Cavalry moves for attorney's fees against Krohn & Moss pursuant to Fed. R. Civ. P. 11. In relevant part, Rule 11 states:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b)(1)-(4). If the court determines any attorney, law firm or party violated Rule 11(b), the court *may* impose an appropriate sanction on the individual or entity responsible for the violation. Fed. R. Civ. P. 11(c)(1). Courts have the authority to sanction an attorney for violations of those provisions and, absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate or employee. Fed. R. Civ. P. 11(c)(1).

Applying a "reasonableness under the circumstances" standard for conduct, a district court may award Rule 11 sanctions when (1) a party files a pleading, motion, or other paper with no reasonable factual basis; (2) a party files a pleading, motion, or other paper based on a legal theory with no reasonable chance of success and which cannot be advanced as a reasonable argument to

9

change existing law; and (3) a party files a pleading, motion, or other paper in bad faith or for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted). Reasonableness is assessed at the time the party submitted the pleading. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). As the Eleventh Circuit has explained,

> In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous–in view of the facts or law–and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the violative document; or whether he depended on forwarding counsel or another member of the bar.

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (internal citations, internal quotations and internal marks omitted). Conduct warrants sanctions under Rule 11 when a party demonstrates a deliberate indifference to obvious facts but not when a party's evidence to support a claim proves merely weak. *Riccard*, 307 F.3d at 1294 (citation omitted). Under Rule 11, the court must limit the sanction to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4). The sanction may include, amongst other things, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. *Id.*

By its motion, Cavalry requests the Court reconsider its earlier Order denying Rule 11 sanctions, or consider the motion anew, regarding the phone records and additionally seeks Rule 11 sanctions for Krohn & Moss's pursuit of claims under 15 U.S.C. §§ 1692e(11) and 1692g(a), which it argues Krohn & Moss knew were baseless. As to any Rule 11 sanctions related to the phone

10

records, the motion should be denied. At the time Ritchie filed the complaint with the accompanying phone records, Krohn & Moss had a reasonable basis for believing Cavalry violated the FDCPA. As previously noted by Judge Jenkins in her Report and Recommendation, Ritchie downloaded the records from the Comcast website in pdf format, printed the records and attached the records to his complaint, which he verified as true and accurate. Based on those records, Krohn & Moss reviewed the telephone records and determined that Cavalry had called Ritchie repeatedly. Further, Ritchie verified the complaint under oath and indicated that he had read the complaint and believed all facts to be true, a position he reiterated during his deposition. *See* doc. 1, Complaint, and doc. 68, Ritchie Deposition Transcript, p. 5. At the time the complaint was filed, then, the factual contentions appeared to have evidentiary support and would likely have greater evidentiary support after a reasonable opportunity for further investigation or discovery.

Throughout the course of the litigation, Cavalry disputed the authenticity of the phone records. Irrespective, the Court denied Cavalry's motion for sanctions and motion to dismiss on the basis of the authenticity of the phone records and deferred ruling on the portion of the motion *in limine* requesting preclusion of the phone records or any testimony as to the phone records as hearsay. Counsel for Ritchie declined to depose the employee of Comcast who could explain the discrepancies between Ritchie's telephone records and Cavalry and Comcast's telephone records for Ritchie's telephone number believing he would not have sufficient time between the status conference immediately preceding trial and the beginning of the trial a day later to provide proper notice or effectuate service (doc. 121, Exh. 4, Declaration of Matthew W. Kiverts). Accordingly, the parties proceeded to trial with the issue of the phone records still outstanding. Not until counsel for Ritchie attempted to lay a foundation for the telephone calls with Ritchie's own testimony at trial,

11

did the issue reach a resolution.[8] Given the factual and procedural background of this case, an award of sanctions against Krohn & Moss relating to the phone records would be unjust.

Similarly, an award of sanctions against Krohn & Moss's for its pursuit of claims under 15 U.S.C. §§ 1692g(a) and 1692e(11) would be unreasonable and the motion should therefore be denied. As to the 28 U.S.C. § 1692g(a) claim regarding written notice, the record indicates the parties contested the claim up through trial. Initially, in its motion *in limine*, Cavalry sought to preclude Ritchie from offering evidence or testimony that he did not receive the notice required by § 1692g because it contended that it did not have to show receipt of the notice but rather just that written notice was sent (doc. 53). Ritchie opposed the request and argued that he could introduce the fact that he had never received the written notice as circumstantial evidence that Cavalry failed to send one (doc. 81). Further, Ritchie notified the Court that Cavalry never actually produced the purported letter it claimed to have sent to Ritchie verifying that the written notice was sent and that it complied with the requirements of § 1692g(a). In fact, Ritchie filed his own motion *in limine* seeking to exclude an exemplar of Cavalry's "hello letter" since he had never received a copy of such letter from Cavalry despite his discovery request specifically seeking such information. Cavalry did not oppose the motion and the Court subsequently granted Ritchie's motion. Additionally, Cavalry withdrew its motion *in limine* as to the 1692g(a) issue and the Court appropriately denied the motion as moot. *See* doc. 91 (denying Cavalry's motion *in limine* as moot noting that Cavalry withdrew the issue). Given the foregoing, Cavalry has failed to demonstrate any sanctionable conduct on the part of Krohn & Moss with respect to the 15 U.S.C. § 1692g(a) claim.

---

[8] Notably, however, the record does not indicate that Cavalry ever established that either Ritchie or Krohn & Moss fabricated or otherwise altered the phone records.

Moreover, Cavalry has failed to show conduct warranting sanctions as to the 15 U.S.C. § 1692e(11) claim. In its motion *in limine*, Cavalry sought to preclude Ritchie from presenting any evidence or testimony that Cavalry failed to identify itself as a debt collector and to inform Ritchie that the information sought would be used for that purpose because no evidence of record indicated Cavalry ever spoke with Ritchie or left any voicemail messages (doc. 53). In response, Ritchie argued that his testimony that Cavalry never left messages to disclose who was calling or to describe the nature of the calls was relevant to whether Cavalry used deceptive means to try and speak with Ritchie and collect on a debt (doc. 81). Ritchie based this argument on the portion of § 1692e providing that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Ritchie therefore argued his testimony would be relevant to whether Cavalry employed deceptive means to try to speak to him and collect the debt. Though the Court ultimately accepted Cavalry's argument and granted the motion *in limine* with respect to this claim thereby precluding Ritchie from offering any evidence or testimony on the issue (doc. 91), Ritchie's arguments and position as to the § 1692e(11) claim were warranted by existing law and not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Accordingly, the motion for sanctions should be denied as to the 15 U.S.C. § 1692e(11) claim as well.

    3. *15 U.S.C. § 1692k*

Cavalry also asserts the Court should allow attorney's fees against Ritchie, rather than his counsel, pursuant to the FDCPA. To recover attorney's fees under the FDCPA, the prevailing defendant must affirmatively show the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment. *See* 15 U.S.C. § 1692k(a)(3). Upon such a finding, a court may award the

defendant attorney's fees reasonable in relation to the work expended as well as costs. *Id.* In this instance, although Ritchie's counsel should have reassessed his case after the February 17, 2010, Comcast deposition, at no point in the course of the proceedings did it appear that Ritchie brought his claims in bad faith or for the purpose of harassing Cavalry. As Cavalry notes, Plaintiff testified during deposition and at trial that he did not know Cavalry had attempted to contact him until his counsel advised him of that fact. *See* doc. 114, p. 4. Relying on the advice of his counsel, Ritchie instituted these proceedings and continued with the instant lawsuit on claims he perceived meritorious rather than in bad faith or for purposes of harassment. Cavalry has failed to indicate otherwise, and nothing in the record indicates Ritchie knew he had a baseless claim brought on his behalf or that he pursued Cavalry for an impermissible purpose. Accordingly, Cavalry should not be entitled to attorney's fees against Ritchie pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA and the motion should be denied.

  *C. Conclusion*

  My recommendation that Cavalry's motion for sanctions be denied does not mean that I approve of the manner in which Ritchie's counsel litigated the case. Indeed, an admonition is appropriate. This Court, by its Local Rules, adopts the Model Rules of Professional Conduct of the American Bar Association as modified and adopted by the Supreme Court of Florida to govern the professional behavior of the members of The Florida Bar. *See* Local Rule 2.04(d). Rule 4-1.1 of the Rules Regulating the Florida Bar speaks to a lawyer's competence in representing a client. Notably, the *comment* to the rule states what is expected:

> Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners. It also includes adequate

preparation.

Our Court, for example, expects those appearing before it in a case like this to be competent in the application of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and our Local Rules. Local Rule 2.01(b). After the February 17, 2010, deposition of the Comcast custodian, Ritchie's lawyer should have realized he had authentication issues to surmount. A competent lawyer would have understood this and acted accordingly. Nonetheless, it is hereby

RECOMMENDED:

1. Cavalry's motion for attorney's fees (doc. 114) be denied.

IT IS SO REPORTED at Tampa, Florida on November 23, 2010.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable Elizabeth A. Kovachevich
 Counsel of Record