UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES RITCHIE,

    Plaintiff,

v.                            CASE NO. 8:08-CV-1725-T-17MAP

CAVALRY PORTFOLIO SERVICES,
LLC,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 138  Report and Recommendation
Dkt. 141  Objection
Dkt. 142  Response to Objection

    Defendant Cavalry Portfolio Services, LLC moved for the award of attorney's fees and costs in the amount of $30,608.00 under Fed.R.Civ.P. 11, 28 U.S.C. Sec. 1927, and 15 U.S.C. Sec. 1692k.  Defendant's Motion was referred to the assigned Magistrate Judge to conduct a hearing and for a Report and Recommendation.  After a hearing, the assigned Magistrate Judge entered a Report and Recommendation in which it is recommended that Defendant's motion for the award of attorney's fees and costs be denied.

    The Court has independently reviewed the record.  The Court listened to the digital recording of the hearing before the assigned Magistrate Judge.  Defendant Cavalry Portfolio Services, LLC has filed an Objection to the Report and Recommendation.  Plaintiff James Ritchie has filed a Response to Defendant's

Case No. 8:08-CV-1725-T-17MAP

Objection.

I. Standard of Review

The District Court reviews de novo the portions of the Report and Recommendation or specified proposed findings to which an objection is made. The District Court may accept, reject, or modify in whole or in part the report and recommendation of a magistrate judge or may receive further evidence or may recommit the matter to the magistrate judge with instructions.

II. Background

In the Complaint, Plaintiff James Ritchie alleged the following violations of the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692, et seq.: 1) a violation of Sec. 1692c(a)(1), Defendant continuously placed collection calls to Plaintiff after 9:00 p.m.; 2) a violation of Sec. 1692d(5), Defendant placed calls and caused Plaintiff's phone to ring excessively to annoy or harass Plaintiff; 3) a violation of Sec. 1692(e)(11), Defendant continuously failed to identify itself as a debt collector and inform Plaintiff that information sought would be used for that purpose; and 4) a violation of Sec. 1692g(a), Defendant failed to provide written notice to Plaintiff informing him of his rights pertaining to the alleged debt within five days of initial contact. Plaintiff Ritchie attached Plaintiff's telephone records to Plaintiff's Verified Complaint, which Plaintiff Ritchie attested that Plaintiff obtained from the Comcast website as a "pdf" document, which cannot be altered.

Case No. 8:08-CV-1725-T-17MAP

As to Plaintiff's Sec. 1692c(a)(1) claim and Sec. 1692d(5) claim, during discovery, Defendant obtained Plaintiff's telephone records from Comcast. The Comcast records conflicted with the telephone records attached to Plaintiff's Complaint.

This case proceeded to a jury trial on 3/1/2010 and 3/2/2010. On 3/2/2010, Defendant Cavalry Portfolio Services, LLC, moved for a directed verdict under Rule 50(a) at the close of Plaintiff's evidence, which was renewed after the close of all evidence. The Court granted Defendant's motion, finding that Plaintiff Ritchie did not establish a crucial element of Plaintiff's claim, that the debt at issue was a consumer debt (Dkt. 99).

In Defendant's Motion for Attorney's Fees and Costs (Dkt. 114), Defendant requests that the Court reconsider its prior Order denying Defendant's Motion for Sanctions (Dkt. 39), because Plaintiff and his counsel never made any attempt to prove the veracity of the telephone records, forcing Defendant to expend thousands of dollars in attorney's fees and costs in further defending claims related to those records. Defendant requests the award of attorney's fees and costs incurred in defending this case.

In the Report and Recommendation, Magistrate Judge Pizzo recommends that Defendant's motion for attorney's fees and costs under 28 U.S.C. Sec. 1927, Rule 11, 15 U.S.C. Sec. 1692k and the Court's inherent powers be denied. Defendant Cavalry Portfolio Services, LLC contends that Magistrate Judge Pizzo erroneously determined that Defendant's Motion for Attorney's Fees should be denied.

Case No. 8:08-CV-1725-T-17MAP

III. Discussion

A. Rule 11 - Telephone Records

Defendant Cavalry Portfolio Services, LLC argues that Rule 11 imposes a continuing duty to refrain from pursuing meritless or frivolous claims at any stage of the proceedings. Defendant Cavalry argues that the Report and Recommendation is in error in finding that Plaintiff's counsel Krohn & Moss did not engage in conduct sanctionable under Rule 11.

In the Report and Recommendation, Magistrate Judge Pizzo notes that "According to Cavalry, Krohn & Moss was on notice that Ritchie's claims lacked merit from the inception of the case or, at the very least, by the time of Plaintiff's deposition on August 21, 2009."

Plaintiff's Complaint is a single-Count Complaint in which Plaintiff alleges four different violations of the Fair Debt Collection Practices Act. Prior to trial, Plaintiff's counsel argued that Plaintiff would be able to authenticate the phone records at trial, and the Court allowed Plaintiff the opportunity to do so. The Court offered Plaintiff the opportunity to take an additional deposition to authenticate the phone records, which Plaintiff declined. The issue of authenticity of the phone records remained unresolved at the commencement of the trial. At the status conference before the undersigned on March 1, 2010, Defendant Cavalry acknowledged that Plaintiff Ritchie had a claim under 15 U.S.C. Sec. 1692d(5) (Dkt. 111, p. 22). The Court denied Defendant's motion in limine seeking to preclude Plaintiff from presenting evidence that Defendant caused Plaintiff's phone

Case No. 8:08-CV-1725-T-17MAP

to ring, and deferred ruling on the authenticity of the phone records (Dkt. 91).

Two issues are clear: 1) at the commencement of the trial, Plaintiff Ritchie had a claim under Sec. 1692d(5) for which Plaintiff sought adjudication; and 2) at the commencement of the trial, Plaintiff's counsel believed (albeit mistakenly) that Plaintiff Richie himself could authenticate the phone records. This case would have gone to trial even if Plaintiff's 1692c(a)(1) claim had been eliminated before trial. At trial, the Court granted Defendant's Rule 50 motion due to the complete lack of evidence establishing Plaintiff's debt was a consumer debt, a basic issue which subsumed Defendant's other Rule 50 arguments. While a Rule 11 inquiry is not tied to the outcome of litigation, but to whether a specific filing is well-grounded, the Court notes that Defendant Cavalry did not prevail at trial because of the absence of factual support for Plaintiff's claims.

In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous--in view of the facts or law--and then, if they are, whether the person who signed the pleadings should have been aware they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). Conduct warrants sanctions under Rule 11 when a party demonstrates a deliberate indifference to obvious facts but not when a party's evidence to support a claim proves merely weak. Riccard v. Prudential Ins. Co., 307 F.3d

x

Case No. 8:08-CV-1725-T-17MAP

1277, 1294 (11th Cir. 2002). The Court must apply a "reasonableness under the circumstances" standard to the conduct for which sanctions are sought. What constitutes a reasonable inquiry takes into account factors such as how much time for investigation was available to the signer, whether the signer had to rely on the client for information as to the facts underlying the pleading or other paper, whether the pleading or other paper was based on a plausible view of the law, and whether the signer depended on forwarding counsel or another member of the bar. Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987).

This case was commenced on September 2, 2008. At the time the Complaint was filed, Plaintiff Ritchie verified that the records Plaintiff attached to the Complaint were true and accurate. The allegations of the Complaint appeared to have evidentiary support at the time of filing. The authenticity of the telephone records was raised during discovery by Defendant's motion for Rule 11 sanctions, in which Defendant contested the authenticity of Plaintiff's telephone records, and claimed that Defendant fabricated the telephone records. The Court denied Defendant's motion for sanctions.

The Court notes that the discovery cutoff in this case was 7/6/2009 and dispositive motions were due on 8/3/2009. Theoretically, there was sufficient time for all discovery to be completed prior to trial. However, the authenticity of the phone records was an unresolved issue during discovery, and remained an unresolved issue at the time of trial.

Defendant Cavalry argues that Plaintiff Ritchie's counsel was willfully ignorant. Defendant Cavalry explains Defendant's

6

Case No. 8:08-CV-1725-T-17MAP

own tactical decision to wait until trial to object to the admissibility of the phone records, so that Plaintiff's counsel would not be able to remedy the evidentiary defect. While the Court agrees that Plaintiff's counsel had a continuing duty to investigate the factual basis of Plaintiff's claims, Defendant had a continuing duty to avoid running up costs associated with Plaintiff's allegedly frivolous claim. The reality is that, since Plaintiff did not depose the records custodian who could have authenticated the telephone records, Defendant could have done so, in the interest of avoiding further unnecessary costs related to litigation of Plaintiff's 1692c(a)(1) claim . The Court notes that the elimination of Plaintiff's Sec. 1692c(a)(1) claim before trial would not have resulted in the avoidance of all further costs to Defendant.

While Krohn & Moss represented Plaintiff throughout the case, the Court notes that Plaintiff's trial counsel entered his appearance on 5/29/2009, some five weeks prior to the close of discovery. After the denial of Defendant's Motion for Sanctions and Motion to Dismiss (Dkts. 39, 40), and order setting this case for trial (Dkt. 41), it was reasonable for Plaintiff to expect to resolve the issue at trial. At the status conference prior to commencement of trial, the Court determined that Plaintiff should have the opportunity to deal with the issue at trial.

The purpose of Rule 11 is not to reward parties who are victimized by litigation, but to deter baseless filings and curb abuses. In this case, both parties made the decisions that they made. If the Court were to sanction Plaintiff's counsel, the Court would also have to sanction Defendant's counsel. After considering the knowledge of Plaintiff's counsel at the time of

Case No. 8:08-CV-1725-T-17MAP

commencement of this case, as well as during pretrial discovery and trial, the Court finds that Plaintiff's claim under Sec. 1695c(a)(1) is not objectively frivolous, merely a claim with weak support. Given the record of this case, if the Court had determined the 1692c(a)(1) claim was objectively frivolous, a reprimand rather than the award of attorney's fees and costs would be sufficient to deter the sanctioned conduct.

After consideration, the Court overrules Defendant's objection and affirms the Report and Recommendation as to Rule 11.

B). Plaintiff's Sec. 1692e(11) Claim

Defendant Cavalry argues that Plaintiff's claim under Sec. 1692e(11) was frivolous from its inception, and therefore the assigned Magistrate Judge erroneously determined that the award of Rule 11 sanctions against Plaintiff's counsel would be unreasonable. Defendant argues that, in the Report and Recommendation, the Magistrate Judge recognizes that there was no dispute that Defendant never spoke with Plaintiff nor left any messages on his answering machine. Defendant argues that Plaintiff's counsel knew from the beginning of the case that there was never a communication, as defined in 15 U.S.C. Sec. 1692a(2), between Defendant and Plaintiff Ritchie.

In response, Plaintiff Ritchie relies on the holding in Langdon v. Credit Management, Case No. 09-CV-3286-VRW (N.D. Cal. February 24, 2010):

8

Case No. 8:08-CV-1725-T-17MAP

> If, as plaintiff alleges, defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure under FDCPA 1692d(6). See Hosseinzadeh v. MRS Associates, Inc., 387 F.Supp.2d 1104, 1112 (C.D. Cal. 2005)("'Meaningful disclosure' presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked.")

Plaintiff Ritchie argues that if a defendant calls a consumer and hangs up without disclosing that the call was from a debt collector, common sense dictates that defendant has not provided the requisite disclosure under Sec. 1692e(11).

Rule 11 sanctions are properly assessed "1) when a party files a pleading that has no reasonable factual basis; 2) when a party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or 3) when a party files a pleading in bad faith for an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996).

The Court considers Plaintiff's knowledge at the time the pleading or other paper was filed. The Court has examined the telephone records attached to the Complaint (Dkt. 1, Exh. A), which indicate that Defendant's telephone calls to Plaintiff were answered. In his deposition, Plaintiff Ritchie testified that this could mean that the phone calls went to voicemail (Dkt. 68, p. 40).


Case No. 8:08-CV-1725-T-17MAP

At his deposition of August 21, 2009, Plaintiff Ritchie testified that he never spoke with anyone from Defendant Cavalry, that his wife never spoke with anyone from Cavalry, that no one Plaintiff knew spoke to Cavalry about him, and he never received any letters from Cavalry. Plaintiff Ritchie further testified that he did not recall receiving any voicemail messages from Cavalry, and only became aware that Cavalry contacted him through conversations with his own counsel. Plaintiff Ritchie testified that Plaintiff had no knowledge that Cavalry was calling him until he was told so by counsel, and could not say with certainty whether Plaintiff was ever present in his home when Cavalry called (Dkt. 138, p. 5).

The Court assumes that the pre-filing inquiry of Plaintiff's counsel included an interview with Plaintiff Ritchie, and review of what paper records Plaintiff could provide. Before the Complaint was filed, even if Plaintiff Ritchie could not recall receiving any messages from Defendant, and denied any knowledge that Defendant Cavalry had been contacting him to collect a debt, Plaintiff's telephone records indicated that Defendant's telephone calls to Plaintiff were answered. Without additional investigation to confirm the facts, it is not obvious that Defendant Cavalry never left any messages for Plaintiff Ritchie relating to the debt Defendant was seeking to collect. The Court recognizes that Defendant contends that Plaintiff Ritchie fabricated the telephone records, since Plaintiff's telephone records conflict with the Comcast telephone records which Defendant obtained during discovery. In his deposition, Plaintiff Ritchie specifically denied doing anything to fabricate the records Plaintiff provided (Dkt. 68-1, p. 44). There was no

Case No. 8:08-CV-1725-T-17MAP

adjudication of the alleged fabrication of Plaintiff's records. The Court was left without any explanation for the discrepancy between Plaintiff's records and Defendant's records, and is unable to conclude that Plaintiff's counsel unreasonably relied on Plaintiff's records at the inception of this case.

Defendant Cavalry filed a motion in limine prior to trial (Dkt. 53), seeking to preclude Plaintiff from offering any evidence at trial as to Plaintiff's Sec. 1692e(11) claim, in light of the absence of evidence as to any communication between Defendant and Plaintiff, apart from the original 1692g letter from Defendant to Plaintiff, which Plaintiff claims he did not receive.  The Court granted Defendant's motion in limine as to Plaintiff's 1692e(11) claim.  By that time, it was clear that there was no evidence to support Plaintiff's 1692e(11) claim. However, this does not establish that, at the time the Complaint was filed, Plaintiff's counsel knew, or with reasonable inquiry should have known, that there was never a communication from Defendant to Plaintiff.  If it was clear from the commencement of this case that there was no evidence to support Plaintiff's 1692e(11) claim, the Court would have expected Defendant to include the 1692e(11) claim in the motion for sanctions that Defendant filed (Dkt. 33).

After consideration, the Court overrules Defendant's objection to the Report and Recommendation as to Plaintiff's 1692e(11) claim, and affirms the Report and Recommendation. Accordingly, it is

11

Case No. 8:08-CV-1725-T-17MAP

**ORDERED** that Defendant's Objections to the Report and Recommendation are **overruled**. The Court **adopts and incorporates** the Report and Recommendation (Dkt. 138). Defendant's Motion for Attorney's Fees (Dkt. 114) is **denied**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 27th day of January, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record